IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Textileather Corporation,                    Case No. 3:08 CV 171

            Plaintiff,            O R D E R

     -vs-                              JUDGE JACK ZOUHARY

GenCorp Inc.,

            Defendant.

This matter is before the Court on Defendant's Motion to Dismiss (Doc. No. 11). Plaintiff has opposed (Doc. No. 16) and Defendant has replied (Doc. No. 17).

Textileather filed this lawsuit seeking to recover from Defendant GenCorp, pursuant to an Asset Purchase Agreement (APA), expenses incurred in dealing with the Ohio EPA and attempting to close RCRA units at a manufacturing facility in Toledo (Complaint ¶¶ 23-25).

### STANDARD FOR REVIEW

A Motion for Judgment on the Pleadings under Federal Civil Rule 12(c) is governed by the same standards as a motion under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir. 2007). An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Federal Civil Rule 12(b)(6). The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions or legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th

Cir.1988)). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][b] (Matthew Bender 3d ed. 2003). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ____ U.S. _____, 127 S.Ct. 1955, 1974 (2007).

### COUNTS I AND II

Defendant argues that Counts I and II should be dismissed on the pleadings because these claims seek relief under CERCLA and such relief is barred as a matter of law by the express terms of the APA (Sections 9.1.1 through 9.1.3) which allocate environmental liabilities between the parties. Plaintiff argues it may assert and maintain both a claim for express contractual rights and a CERCLA claim.

The two principal cases relied upon by Defendant *(White Concol. Indus., Inc. v. Westinghouse Electric Corp.*, 179 F.3d 403 (6th Cir. 1999) and *Olin Corp. v. Yeargin, Inc.*, 146 F.3d 398 (6th Cir. 1998)) merely hold that parties may contractually transfer CERCLA liability; they do not hold that the mere existence of a contractual indemnity bars a concurrent CERCLA claim. *White* and *Olin* further suggest that contract language must be sufficiently broad to show an intent to transfer all environmental liabilities in order to exclude a CERCLA claim. Here, Plaintiff argues the APA does not transfer all environmental liabilities but did the contrary: limited the environmental liabilities to be transferred. Some were retained by GenCorp for which it agreed to indemnify Textileather (Section 9.1.4). Plaintiff points to other cases where limited indemnification provisions do not transfer CERCLA liability (Brief pp. 5-6).

There are disputed issues which the Court cannot resolve at this juncture. For example, Defendant contends Plaintiff's decision to withdraw its RCRA application caused it to incur the expenses it now seeks to recover in this Complaint. Plaintiff argues these expenses were caused by Defendant's operation of RCRA units from its activities on the property, and Section 9 of the APA suggests Defendant retained liability for environmental conditions caused prior to the closing. Plaintiff also argues the APA (Section 9.1.2) required Defendant to remove existing underground storage tanks and remediate soil contamination resulting from storage tank leaks.

Without an interpretation of the APA, the Court cannot determine if Plaintiff is prohibited from seeking these damages. If the withdrawal of the permit itself is not the only basis for submitting a closure plan and Plaintiff was legally obligated to file such a plan sooner or later, these costs in closing the RCRA units were not a direct result of the permit withdrawal. Additionally, the Court notes an interpretation of Section 9.1.1 must be made in light of the entire contract which neither party has yet developed. Therefore, Defendant's Motion to Dismiss Counts I and II is denied.

### COUNT III

Defendant moves to dismiss the breach of contract claim (Count III) because any liability of GenCorp under the APA has not been triggered. Defendant claims Section 9.1.1(a) excludes expenses incurred because of voluntary action taken by Textileather, and the decision to withdraw the permit application was a business decision by Textileather, not an obligation for GenCorp to reimburse. Whether certain expenses are the responsibility of one party or the other cannot be determined as a matter of law on the face of the pleadings but rather needs a more fully developed record. For many of the same reasons previously expressed, this branch of Plaintiff's Motion is also denied.

#### COUNT V

Defendant next moves to dismiss Count V of the Complaint which alleges contribution and indemnity. Defendant argues the terms of the APA prevent Plaintiff from recovering under either of two equitable doctrines: contribution/indemnity. The parties agree Plaintiff may not recover under both the contract and the equitable claims, and also agree they signed a contract allocating environmental liabilities. Certain costs may be the responsibility of one or the other; some liabilities were retained by GenCorp; others were assumed by Textileather.

The Court agrees there is no equitable claim for contribution because contribution requires a common liability between the parties and the pleadings refute such a liability. Again, the parties agree the APA controls, and it contains an express indemnity provision for allocation of environmental liabilities. Plaintiff cannot maintain a claim for equitable indemnity when its contract claim admittedy controls. Therefore, Count V of the Complaint is dismissed.

#### COUNT VI

Finally, Defendant seeks to dismiss the unjust enrichment claim (Count VI). The parties agree a Complaint may set forth alternative theories, and also agree Plaintiff may not recover on this unjust enrichment claim if it is covered by the APA. Defendant points to the Complaint where Plaintiff concedes the damages it seeks to recover are addressed by the APA (¶¶ 43-45). Because there is a written contract with terms specifically addressing the matter in dispute, the Court finds Plaintiff cannot prevail on an unjust enrichment claim as a matter of law. This holding is consistent with Judge Rice's decision in *Teknol, Inc. v. Buechel*, No. C-3-98-416, 1999 WL 33117391 (S.D. Ohio Aug. 9, 1999) as well as this Court's prior decision in *YZ Enterprises, Inc. v. Colborne Corp.*, No. 3:06 CV 1301, 2007 WL 2815208 (N.D. Ohio Sept. 27, 2007) -- in neither of those cases did plaintiff concede

the contract controls. Plaintiff wrongly contends that it is unclear whether the contract will cover the matters in dispute; the pleadings establish there is a contract and the fight is not whether a contract exists, but rather what does it mean.

## CONCLUSION

Defendant's Motion is granted in part and denied in part. Counts V and VI of the Complaint are dismissed.

IT IS SO ORDERED.

       s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 10, 2008